UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NAATHON-RAY JOHNSON,

            Plaintiff,

       v.

COLVILLE CITY POLICE OFFICER RON
MAXEY, et. al.,

           Defendants.

No. CV-08-0391-FVS

ORDER GRANTING
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, DENYING
PLAINTIFF'S MOTIONS,
ENTERING JUDGMENT IN
FAVOR OF DEFENDANTS, AND
CLOSING THE FILE

**THIS MATTER** comes before the Court without oral argument.
Plaintiff is proceeding pro se.  Defendants city of Colville and
Colville Police Officer Ronald Maxey ("the City Defendants") are
represented by Michael E. McFarland, Jr.  Defendants State of
Washington, the Washington State Department of Corrections, and
individually named employees of the State of Washington ("the State
Defendants") are represented by Eric A. Mentzer.

    **DISCUSSION**

**I.   LEGAL STANDARD**

    Summary judgment is appropriate only if "there is no genuine
issue as to any material fact and . . . the moving party is entitled
to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A material
fact is one "that might affect the outcome of the suit under the
governing law[.]"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,
106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A fact may be considered
disputed if the evidence is such that the fact-finder could find that
the fact either existed or did not exist.  *See id.* at 249, 106 S.Ct.

ORDER . . . - 1

at 2511 ("all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury . . . to resolve the parties' differing versions of the truth" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))).

Here, the facts upon which the Court relies are either undisputed or established by evidence that permits but one conclusion concerning the fact's existence.

## II.  The City Defendants

### A.   Medical Marijuana Act ("MMA")

Plaintiff's primary argument in his motion against the City Defendants is that the City Defendants violated the MMA, RCW 69.51A, et seq.  Plaintiff asserts that Officer Maxey of the Colville Police Department did not follow his duties under the MMA when he seized marijuana, sought a search warrant, and instituted criminal proceedings against Plaintiff.  Plaintiff is incorrect.

The Washington State Supreme Court recently addressed the scope of the MMA and determined that an authorized user of medical marijuana will only have an "affirmative defense" if he shows full compliance with the act; "[h]owever, an affirmative defense does not negate probable cause for a search."  *State v. Fry*, 168 Wash.2d 1, 13 (Jan. 21 2010).  An affirmative defense admits the defendant committed a criminal act but pleads an excuse for doing so.  *State v. Votava*, 149 Wash.2d 178, 187-188 (2003).  An affirmative defense does not negate any elements of the charged crime.  *State v. Frost*, 160 Wash.2d 765, 773 (2007).

ORDER . . . - 2

Here, a local business had complained that Plaintiff had cashed fraudulent money orders.  Officer Maxey investigated, confirmed Plaintiff's identity, and learned Plaintiff had an outstanding warrant for escape from community custody.  On August 14, 2008, Officer Maxey arrested Plaintiff pursuant to the valid arrest warrant.  Plaintiff does not contest the validity of the arrest warrant.  At the time of the arrest, Plaintiff possessed marijuana.  Officer Maxey thereafter obtained a search warrant to search the vehicle Plaintiff had been using for evidence of fraud and drugs.  As a result of the arrest, Plaintiff was convicted of the charge of Escape from Community Custody.

While Plaintiff allegedly could produce valid documentation to show that he was authorized to possess marijuana at the time of his arrest, the authorization only created an affirmative defense that would excuse the criminal act.  The authorization did not, however, result in making the act of possessing or using marijuana noncriminal. *Fry*, 168 Wash.2d at 1.  Accordingly, the Court finds, as a matter of law that the City Defendants' actions did not violate the MMA.

**B.    False Arrest/False Imprisonment Claims**

Plaintiff argues that his arrest constituted false arrest and/or imprisonment in violation of his rights under state law.  However, the existence of probable cause is a complete defense to an action for false arrest or false imprisonment in Washington State.  *Hanson v. City of Snohomish*, 121 Wash.2d 552, 563-564, 852 P.2d 295 (1993).  Here, the undisputed facts show that, as a matter of law, probable cause existed for Plaintiff's arrest by Officer Maxey.  *See infra.*

ORDER . . . - 3

### 1.    Collateral Estoppel

Plaintiff asserts that the City Defendants are precluded from re-litigating the existence of probable cause in this action by the doctrine of collateral estoppel.  Plaintiff contends that a prior dismissal of charges related to Plaintiff's November 27, 2007, arrest for possession of marijuana directs a finding that Plaintiff possessed marijuana lawfully on August 14, 2008.  Plaintiff argues that the City Defendants should be collaterally estopped from arguing differently.

The Ninth Circuit has explained that res judicata and/or collateral estoppel could not be applied in a civil proceeding against police officers or non-parties to a previous criminal matter.  *Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir. 1971).  Like the officer in *Davis*, Officer Maxey was not involved with the criminal process following Plaintiff's November 27, 2007, arrest.  Officer Maxey was not aware that Plaintiff's charges related to his possession of marijuana had been dismissed or the reasons associated with the dismissal.  Even if Officer Maxey had been apprised that Plaintiff previously had marijuana charges dismissed and the reasons therefor, Officer Maxey would not be required to rely on this knowledge because it is possible that Plaintiff's authorization could have been rescinded in the interim.  Moreover, as discussed above, valid documentation showing that one is authorized to possess marijuana at the time of arrest only creates an affirmative defense that would excuse the criminal act.  The authorization does not result in making the act of possessing or using marijuana noncriminal.  *Fry*, 168

///

ORDER . . . - 4

Wash.2d at 1.  Officer Maxey's actions in this case were appropriate and the doctrines of res judicata/collateral estoppel do not apply.

###   2.   Probable Cause

"Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed." *Bender v. Seattle*, 99 Wash.2d 589, 597 (1983) (emphasis omitted).

Plaintiff was arrested, pursuant to a valid arrest warrant, for escape from community custody.  Officer Maxey's initial attempt to arrest Plaintiff on the warrant was thwarted by Plaintiff fleeing from the officer.  Plaintiff was eventually located and arrested later that day, and, at the time of the arrest, Plaintiff was found in possession of marijuana.  Officer Maxey had also previously learned that a local business had complained that Plaintiff had cashed fraudulent money orders.

Regardless of the ultimate disposition of the criminal charges against Plaintiff, it is apparent that Officer Maxey had a valid arrest warrant to arrest Plaintiff for escape and also had probable cause to arrest Plaintiff for possession of marijuana, resisting arrest and fraud.  Because probable cause is a complete defense to an action for false arrest or false imprisonment in Washington State, *Hanson*, 121 Wash.2d at 563-564, the City Defendants are entitled to summary judgment on Plaintiff's false arrest and/or imprisonment claims.

ORDER . . . - 5

**C.   Malicious Prosecution Claim**

The rule in Washington State is that, in order to succeed on a claim of malicious prosecution, Plaintiff must establish the following elements:

(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Clark v. Baines*, 150 Wash.2d 905, 911 (2004) (citing *Hanson v. City of Snohomish*, 121 Wash.2d 552, 558 (1993)).  At issue in this case are the second and third elements of a malicious prosecution claim.

**1.   Probable Cause**

A finding that a reasonable person would believe that an offense has been committed establishes probable cause and is an "absolute defense" to a claim of malicious prosecution.  *Clark*, 150 Wash.2d at 912, 84 P.3d at 249.  Here, as discussed above, Officer Maxey had probable cause to arrest Plaintiff.  As such, Plaintiff's cause of action for malicious prosecution should be dismissed.

**2.   Malice**

Even if Plaintiff was able to prove a lack of probable cause for the institution or continuation of the prosecution, the facts demonstrate that the City Defendants did not initiate or continue the proceedings through malice.

It is not sufficient for a malicious prosecution plaintiff to establish only that a prosecution lacked probable cause.  A plaintiff must also establish that the prosecution was initiated with malice,

ORDER . . . - 6

which "has a broader [legal] significance than that which is applied
to it in ordinary parlance." *Peasley v. Puget Sound Tug & Barge Co.*,
13 Wash.2d 485, 502 (1942).  "Impropriety of motive may be established
in cases of this sort by proof that the defendant instituted the
criminal proceedings against the plaintiff: (1) without believing him
to be guilty, or (2) primarily because of hostility or ill will toward
him, or (3) for the purpose of obtaining a private advantage as
against him." *Id.*  (Citations omitted).

     Plaintiff has only speculated that Officer Maxey harbored
hostility toward his ability to possess and use marijuana lawfully.
However, Plaintiff has not produced evidence establishing that Officer
Maxey arrested Plaintiff without believing him to be guilty, primarily
because of hostility or ill will toward him, or for the purpose of
obtaining a private advantage against him.  *Peasley*, 13 Wash.2d at
502.  Plaintiff has made no factual showing which raises an
objectively reasonable inference or colorable claim of malice.
Therefore, Plaintiff's claim of malicious prosecution fails, as a
matter of law, based on this element as well.

     Plaintiff is not able to establish that the prosecution lacked
probable cause or was instituted through malice.  The City Defendants
are thus not liable, as a matter of law, for malicious prosecution.

     **D.  Abuse of Process Claim**

     Abuse of process claimants must show (1) the existence of an
ulterior purpose to accomplish an object not within the proper scope
of the process and (2) an act in the use of legal process that is not
proper in the regular prosecution of proceedings.  *Sea-Pac Co. v.*

ORDER . . . - 7

*United Food & Commercial Workers Local Union 44*, 103 Wash.2d 800 (1985).  The Washington Court of Appeals described the nature of an abuse-of-process claim as follows:

> [T]he gist of the action is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish.  In other words, the action requires a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

*Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now (C.L.E.A.N.)*, 119 Wash.App. 665, 690 (2004) (internal punctuation and citations omitted).  The mere institution of legal proceedings does not constitute an abuse of process.  Plaintiff has failed to present any evidence indicating the City Defendants engaged in the abuse of process; therefore, the City Defendants are entitled to summary judgment on Plaintiff's cause of action for abuse of process.

**E.    Invasion of Privacy Claim**

The Washington Supreme Court has recognized a common-law right to be free from public disclosure of private facts.  *White v. Town of Winthrop*, 128 Wash.App. 588, 593 (2005) (citing *Reid v. Pierce County*, 136 Wash.2d 195, 207 (1998)).  The contours of the right are set forth in the *Restatement (Second) of Torts* § 652D (1977):

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

*White*, 128 Wash.App. at 594 (quoting *Reid*, 136 Wash.2d at 205 (quoting Restatement, *supra*, § 652D)).  "Publication" is defined as "communication to the public at large so that the matter is

ORDER . . . - 8

substantially certain to become public knowledge, and that communication to a single person or a small group does not qualify." *Fisher v. State ex rel. Dept. of Health*, 125 Wash.App. 869, 879 (2005).

Here, Officer Maxey merely submitted a report that Plaintiff possessed marijuana at the time of his arrest.  There was no "communication to the public at large."  Moreover, while Plaintiff complains that Officer Maxey "attributed [his] lawful use of medical marijuana with criminal conduct," even if Plaintiff had authorization to possess marijuana at the time of his arrest, the authorization does not result in making the act of possessing or using marijuana noncriminal.  *Fry*, 168 Wash.2d at 1.  Officer Maxey's actions were appropriate.  Accordingly, the City Defendants are not liable, as a matter of law, for Plaintiff's claim of invasion of privacy.

**F.   Procedural Due Process Claim**

Procedural due process questions are examined in two steps. First, the Court must determine "whether there exists a liberty or property interest which has been interfered with."  Second, the Court must determine "whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations omitted).

Here, Plaintiff's procedural due process claim stems from his argument that he was improperly arrested for the possession of marijuana.  However, Plaintiff has not shown that he was deprived of any process which was necessary to protect his liberty interest. Despite the arrest and Officer Maxey's report that Plaintiff was in

possession of marijuana, marijuana possession charges were not brought against Plaintiff for the August 14, 2008, arrest.  The MMA provided Plaintiff with an affirmative defense to criminal liability for his possession of marijuana.  It appears that based on this affirmative defense, and information provided by Plaintiff, it was determined that marijuana charges would not be pursued.  The process afforded to Plaintiff resolved the issue in his favor.  Therefore, Plaintiff received all the process that he was due under the Constitution.  The City Defendants are entitled to summary judgment on Plaintiff's procedural due process claim.

**G.   Right to Privacy/Fourth Amendment Claim**

Plaintiff asserts that his right of privacy was violated by the City Defendants' unconstitutional arrest, search, and seizure. Plaintiff additionally argues that his Fourth Amendment rights were violated by these same acts of the City Defendants.

As indicated by the City Defendants, Courts will not analyze unlawful search claims under "right to privacy" rubric.  *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002) (holding that plaintiffs cannot "double up" constitutional claims:  Where a claim can be analyzed under "an explicit textual source" of rights in the Constitution, a court may not also assess the claim under another, "more generalized," source).  Like *Ramirez*, the Fourth Amendment, and not the more general right to privacy, governs the constitutionality of the arrest and search in this case.

As noted above, Plaintiff was arrested pursuant to a valid arrest warrant for escape.  Plaintiff does not contest his arrest on this

arrest warrant.  Plaintiff merely asserts that Officer Maxey did not have probable cause to arrest him for possession of marijuana or to obtain a search warrant to search the vehicle for drugs.  As discussed above, Plaintiff is not correct.  In addition to a valid arrest warrant for escape, Officer Maxey had probable cause to arrest Plaintiff for possession of marijuana, resisting arrest and fraud, and the search warrant obtained following this arrest was properly sought by Officer Maxey.  Plaintiff's argument to the contrary is without merit.  The City Defendants are entitled to summary judgment on Plaintiff's right to privacy/Fourth Amendment claim.

**H.    Substantive Due Process Claim**

Plaintiff alleges that the City Defendants' actions also violated his constitutional due process rights.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S.Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  In this case, the Fourth Amendment "provides [the] explicit textual source of constitutional protection . . . ." *Patel*, 103 F.3d at 874.  Therefore, the Fourth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs Plaintiff's claim.

Because the City Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claim (*see supra*), the City Defendants

ORDER . . . - 11

1 are likewise entitled to judgment, as a matter of law, on Plaintiff's
2 constitutional due process claim.

3 **I.    Section 1983**

4 Plaintiff additionally alleges that the city of Colville is
5 liable to Plaintiff under § 1983.

6 Plaintiff may not recover under § 1983 on a theory of *respondeat*
7 *superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691,
8 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).  Rather, a municipality
9 may only be held liable under Section 1983 if the plaintiff's injuries
10 are traceable to one of the municipality's policies or customs.
11 *Monell*, 436 U.S. at 690.  Plaintiff is thus required to establish that
12 the city of Colville had a policy, custom or practice that was the
13 "moving force" behind an alleged constitutional deprivation.  *Id*. at
14 694-695.; *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197,
15 103 L.Ed.2d 412 (1989) (a *Monell* plaintiff must show "a direct causal
16 link between a municipal policy or custom and the alleged
17 constitutional deprivation.").  Plaintiff has not identified a
18 specific policy or custom that, if followed, would have resulted in
19 the deprivation of his civil rights.  Because Plaintiff has failed to
20 set forth facts to establish a policy or custom existed which was
21 violative of Plaintiff's rights in this case, no triable issue of
22 material fact exists as to this claim.

23 Likewise, there is no evidence which demonstrates that there was
24 a failure to train which amounted to any deliberate indifference.
25 Failure to provide adequate training may serve as the basis for § 1983
26 liability against a municipality "where the city's failure to train

ORDER . . . - 12

reflects deliberate indifference to the constitutional rights of its inhabitants." *Harris*, 489 U.S. at 392.  There has been no evidence presented in this case which shows a failure to train led to a "deliberate indifference" of Plaintiff's rights.

Lastly, and perhaps most importantly, there has been no showing of a constitutional deprivation.  *See supra*.

Because Plaintiff fails to identify a specific policy, custom or practice of the city of Colville that was the "moving force" behind an alleged constitutional deprivation or that a failure to train resulted in a "deliberate indifference" of Plaintiff's rights, the city of Colville is not liable, as a matter of law, under Section 1983.

J.    **Qualified Immunity**

Qualified immunity shields government officials, including law enforcement officers, who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir. 1981) (extending the privilege of qualified immunity to police officers).

When confronted with a claim of qualified immunity, a court must first ask the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for

ORDER . . . - 13

further inquiries concerning qualified immunity." *Id*. "On the other
hand, if a violation could be made out [under the first inquiry] on a
favorable view of the parties' submissions, the next, sequential step
is to ask whether the right was clearly established." *Id*. "The
relevant, dispositive inquiry in determining whether a right is
clearly established is whether it would be clear to a reasonable
officer that his conduct was unlawful in the situation he confronted."
*Id*. at 202.  Under this standard, if a law does not put an "officer on
notice that his conduct would be clearly unlawful, summary judgment
based on qualified immunity is appropriate" for those claims stemming
from violations of that law.  *Id*.

Here, the law was clearly established regarding Plaintiff's right
to be free from arrest absent probable cause.  However, viewing the
facts in the light most favorable to Plaintiff, even if probable cause
was found lacking in this case, Officer Maxey would be entitled to
qualified immunity because a reasonable law enforcement officer could
have mistakenly believed that probable cause existed in this case.
"It is inevitable," the Supreme Court has reminded us, "that law
enforcement officials will in some cases reasonably but mistakenly
conclude that probable cause is present, and . . . in such cases those
officials-like other officials who act in ways they reasonably believe
to be lawful-should not be held personally liable." *Anderson v.
Creighton*, 483 U.S. 635, 641 (1987).  Officer Maxey is entitled to
qualified immunity from Plaintiff's claims stemming from the arrest.
///
///

ORDER . . . - 14

**III. The State Defendants**

    **A.    Search of Vehicle**

    After Officer Maxey obtained a search warrant for a search of the vehicle Plaintiff had been driving, Officer Maxey requested and received assistance from state DOC officials in searching the vehicle. Plaintiff contends that these State Defendants violated his rights by assisting in the search of the vehicle.

        **1.    Standing**

    Plaintiff argues that the State Defendants were not entitled to search the vehicle Plaintiff was driving because he was not the owner and "the owner of this vehicle was not an 'offender' subject to DOC authority."  The State Defendants contend that if Plaintiff claims no ownership interest in the vehicle, Plaintiff has no standing to challenge the search.

    To challenge a search warrant, "the person who claims the protection of the [Fourth] Amendment [must have] a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).  One must show that he personally has an expectation of privacy in the place searched and that his expectation is reasonable. *Rakas*, 439 U.S. at 143-144.  Accordingly, if Plaintiff had a legitimate expectation of privacy in the vehicle, he has "standing" to challenge the search even if he was not the legal owner of the vehicle. *See United States v. Thomas*, 447 F.3d 1191 (9th Cir. 2006) (driver of a rental car not authorized by rental agreement could challenge search of the car if he shows he had permission from the authorized driver to use the car).

ORDER . . . - 15

Here, Plaintiff had been in sole control of the vehicle at issue and had personal belongings inside the vehicle.  The facts show that Plaintiff had a reasonable expectation of privacy in the searched vehicle.  Therefore, Plaintiff has standing to challenge the search.

### 2.  Search

Plaintiff claims that the State Defendants are liable for an improper search because they did not follow DOC policy in participating in the search of the vehicle.  The vehicle, however, was not searched pursuant to DOC Policy.  The State Defendants conducted a search of the vehicle under the authority of a properly issued search warrant.  There is no DOC Policy which prohibits community correction officers from assisting law enforcement officers with searches conducted under the authority of a valid search warrant.  The State Defendants are not liable, as a matter of law, on Plaintiff's claim pertaining to the search of the vehicle.

### C.  Invasion of Privacy

As indicated in Section II above, the Washington Supreme Court has recognized a common-law right to be free from public disclosure of private facts.  *White*, 128 Wash.App. at 593.  Here, Plaintiff has failed to identify the offensive material the State Defendants allegedly communicated to the public at large for purposes of this claim.  In any event, there does not appear to be a "communication to the public at large" of "highly offensive" material by the State Defendants.  Accordingly, the State Defendants are not liable, as a matter of law, for Plaintiff's claim of invasion of privacy.

///

ORDER . . . – 16

**D.    Abuse of Process**

As indicated in Section II above, to prevail on an abuse of process claim, Plaintiff must show (1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process and (2) an act in the use of legal process that is not proper in the regular prosecution of proceedings.  *Sea-Pac Co.*, 103 Wash.2d at 800.  Plaintiff has failed to present any evidence indicating the State Defendants had an ulterior purpose for their actions.  The facts show that the State Defendants did not engage in the abuse of process. The State Defendants are thus entitled to summary judgment on Plaintiff's cause of action for abuse of process.

**E.    Due Process**

Plaintiff asserts that the State Defendants violated his due process rights by conducting a search of the vehicle contrary to DOC policy.  Again, the vehicle at issue was not searched pursuant to DOC Policy.  The State Defendants conducted a search of the vehicle under the authority of a properly issued search warrant, and there is no DOC Policy which prohibits community correction officers from assisting law enforcement officers with searches conducted under the authority of a valid search warrant.  The State Defendants are entitled to summary judgment on Plaintiff's due process claim.

**F.    Qualified Immunity**

"A police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid warrant." *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1992), *citing Malley v. Briggs*, 475 U.S. 335, 344 n.6 (1986).

ORDER . . . - 17

Accordingly, even if the search warrant for the vehicle at issue was deemed invalid, the State Defendants would still be entitled to qualified immunity because the warrant was valid on its face.  The State Defendants are entitled to qualified immunity from Plaintiff's claims in this case.

**CONCLUSION**

The Court being fully advised, **IT IS HEREBY ORDERED as follows:**

1.  Plaintiff's Motion for Summary Judgment (**Ct. Rec. 36**) is **DENIED.**

2.  Plaintiffs' Motion for Partial Summary Judgment (**Ct. Rec. 40**) is **DENIED.**

3.  The State Defendants' Motion for Summary Judgment (**Ct. Rec. 68**) is **GRANTED.**

4.  The City Defendants' Motion for Summary Judgment (**Ct. Rec. 75**) is **GRANTED.**

5.  **JUDGMENT SHALL BE RENDERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF AS DESCRIBED ABOVE.**

6.  The motions in limine filed by the City Defendants and the State Defendants (**Ct. Rec. 90 & 91**) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff and counsel for Defendants, enter judgment in favor of Defendants, and **CLOSE THE FILE.**

**DATED** this ___7th___ day of July, 2010.

_____S/Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER . . . - 18