UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NAATHON-RAY JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>COLVILLE CITY POLICE OFFICER RON MAXEY, et al.,<br><br>        Defendants. | No. CV-08-391-FVS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**THIS MATTER** comes before the Court without oral argument based upon the plaintiff's motion for reconsideration of an order granting motions for summary judgment.

**BACKGROUND**

During 2008, Naathon-Ray Johnson filed a civil rights action in state court against a number of defendants seeking damages under federal and state law. The defendants removed the matter to federal court. On July 7, 2010, the Court granted the defendants' motions for summary judgment. A written judgment was entered the same day. Mr. Johnson filed a notice of appeal. However, he did not perform all of the tasks that are necessary to perfect an appeal. Consequently, on April 28, 2011, the Ninth Circuit dismissed his appeal. Over two years elapsed. On July 30, 2013, he filed a motion asking this Court to reconsider its decision to grant summary judgment.

Order - 1

**RULING**

Federal Rule of Civil Procedure 59(e) authorizes a party to file a motion to alter or amend a judgment; provided, the party must file the motion within 28 days of the date upon which the judgment was entered. Fed.R.Civ.P. 59(e). *See, e.g., Padilla v. Maersk Line, Limited*, No. 12-834-cv, 2013 WL 3185255, at *4 (2nd Cir. June 25, 2013). Mr. Johnson did not file his reconsideration motion on or before the deadline prescribed by Rule 59(e). Consequently, his reconsideration motion is treated as a request for relief under Rule 60(b). *See, e.g., Padilla*, 2013 WL 3185255, at *4. Rule 60(b) has six subsections. Of the six, the only one that arguably might apply in this instance is subsection (b)(6), which authorizes a district court to modify a judgment for "any other reason that justifies relief." Obtaining relief under Rule 60(b)(6) is difficult. To begin with, the moving party must prove that "extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006) (internal punctuation and citations omitted). In addition, the moving party must demonstrate that he is seeking relief on some ground other than the grounds that are set forth in subsections (1)-(5). *See Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir.2001). Finally, the moving party must show he will suffer manifest injustice unless the district court grants the relief he seeks. *Latshaw*, 452 F.3d at 1103. This Court has reviewed Mr. Johnson's motion of July 28, 2013, in light of the preceding

principles.  Having done so, the Court concludes he has failed to demonstrate he is eligible for relief under Rule 60(b).  Accordingly, his motion for reconsideration must be denied.

**IT IS HEREBY ORDERED:**

The plaintiff's motion for reconsideration (**ECF No. 107**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the plaintiff and to counsel for the defendants.

**DATED** this   2nd   day of August, 2013.

                              s/Fred Van Sickle
                              Fred Van Sickle
                    Senior United States District Judge

Order - 3